■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RONALD GANTT, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J., at *Mapp* hearing, *Parker* hearing, trial and sentence) rendered April 11, 1988, convicting defendant, after a jury trial, *in absentia* of criminal possession of a controlled substance in the first degree, and sentencing him *in absentia* to an indeterminate term of 20 years to life imprisonment, unanimously affirmed.

At defendant's trial, the People offered evidence that two police officers observed defendant in possession of a shopping bag that contained over 3,600 glassine envelopes, 1,400 to which were chemically analyzed as containing an aggregate of over 4⅛ ounces of heroin. In an effort to prove identification of defendant, who was being tried *in absentia,* as the individual arrested, the prosecutor asked one of the officers whether he saw defendant in the courtroom, and if there came a time that the officer saw defendant after the time of arrest. Both questions were objected to by defense counsel, and both objections were sustained.

The trial court had given specific instructions to the jury that where objections to questions are sustained, the jury was to disregard those questions. Additionally, defense counsel's request that the court refrain from giving a "no adverse inference" charge regarding defendant's absence from trial was granted. No objection was made to any portion of the Court's charge to the jury, and as it is presumed that the jury understood and followed the Court's instructions, this Court perceives no prejudice to defendant arising from the two stricken questions. *(See, People v Rodriguez,* 103 AD2d 121.)

We have considered defendant's additional arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Asch and Smith, JJ.